Nash, C. J.
 

 George Zollicoffer, by the fourth clause of his will, devises as follows: “ Item, my will and desire is, that all the rest of my estate both real and personal, &c., shall be equally divided between my beloved wife, Anne Zollicoffer, and my five children, John Jacob Zollicoffer, George Zollicoffer, Julius II. Zollicoffer, and Ann T. Zollicoffer; and at the death of my -wife, all the land and negroes that may fall to her, shall return to my son James Zollicoffer; and in case any
 
 *281
 
 of my aforesaid children shall die without a lawful heir begotten of his or her body, then his or her share shall be equally divided among the survivors.” After the death of the testator, the property devised 'in this clause, was divided among the legatees, and each took possession of his allotted part. The widow is dead, and by the terms of the will, her share became the property of J ames Zollicoffer. All the sons are dead; John, George, and James, first three in the order of time in which they are named; only one of them leaving any issue; but which of them that was, is not stated, nor was it necessary in this enquiry. At the time the legatees took possession of their respective shares, each held it under a defeasible title. We are not called on to decide how the property so held by the legatees is to be distributed; our enquiry is, can the present action be maintained ? It is brought against the administrator of Julius H. Zollicoffer, to recover the negroes which were alloted to him in the division, he having died, as alleged, without leaving any legitimate issue born of liis body. It is not necessary for the purposes of this case, to ascertain at what period the defeasible legacies became indefeasible, because the plaintiff cannot maintain her position. She sues upon the ground, that Julius Zollicoffer, at the time of his death, held by a defeasible title, and the condition having failed, and she being the survivor of the children, is entitled to the share allotted to him. This cannot be. If the will had said survivors or survivor, her claim would have been more tenable. She, by herself, does not answer the requirements of the will. At the time that J ames died, two of the legatees were alive, to wit, Julius and the plaintiff; and if that were the period contemplated by the testator, then the legacies of Julius and Ann, became in each, indefeasible, and upon the death off Julius, intestate, his share passed to his next of kin, of whom the plaintiff is one, and she cannot litigate her rights, as such, in a Court of law.
 

 The plaintiff places her right to recover the negroes under the will, as the survivor of all the children. I cannot better answer 'this position than by inserting that of the Court in
 
 *282
 

 Hilliard
 
 v.
 
 Kearney,
 
 Busb. Eq. 227 : “ This construction is totally inconsistent with the admitted facts, that, in regard to the original shares, each legatee is the primary object of the testator’s bounty, and that it was his primary intention to give •the property itself, and not simply to lend, or give the use of it. The amount of it is to give to the proviso the effect of so clogging all the legacies, as to deprive all the children but one, of the ownership and right to dispose of the jiroperty during their lives, and that one is to be so deprived until the death of all the others.” The plaintiff cannot maintain her action.
 

 Per Curiam.
 

 Judgment reversed, and judgment of non-suit.